ANNA WEIGAND, Respondent, *v.* UNITED TRACTION COMPANY, Appellant.

Negligence — person struck by approaching trolley car while crossing a street — duty to look for and see such car when there are no obstructions to the view.

A judgment for plaintiff rendered on the verdict of a jury should be reversed where it is based on plaintiff's testimony that as she was about to cross a railroad track she looked in the direction of an

approaching car which was in full view and did not see it, since the statement is incredible as a matter of law.

*Weigand* v. *United Traction Co.,* 175 App. Div. 961, reversed.

(Argued April 30, 1917; decided May 15, 1917.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered November 16, 1916, affirming a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*John T. Norton* and *John E. MacLean* for appellant. Plaintiff was guilty of contributory negligence as matter of law. (*Lofstin* v. *B. H. R. R. Co.,* 184 N. Y. 148; *Reed* v. *M. S. R. R. Co.,* 180 N. Y. 315; *McGreevy* v. *N. Y. C. R. R. Co.,* 113 App. Div. 155; *Pindar* v. *B. H. R. R. Co.,* 173 N. Y. 519; *Dolfini* v. *Erie R. R. Co.,* 178 N. Y. 1; *Hagglund* v. *Erie R. Co.,* 210 N. Y. 46; *Perez* v. *Sandrowitz,* 180 N. Y. 397; *Keller* v. *Erie R. Co.,* 183 N. Y. 67; *Rodrian* v. *N. Y., N. H. & H. R. R. Co.,* 125 N. Y. 526; *Tucker* v. *N. Y. C. & H. R. R. R. Co.,* 124 N. Y. 308; *Cullen* v. *D. & H. R. R. Co.,* 113 N. Y. 667; *Reynolds* v. *N. Y. C. & H. R. R. R. Co.,* 58 N. Y. 248; *Escher* v. *B. & L. E. T. Co.,* 220 N. Y. 243.)

*Owen D. Connolly* and *H. P. Humphrey* for respondent. The question of plaintiff's contributory negligence was properly submitted to the jury, whose finding is sustained by the evidence. (*Schwartzbaum* v. *T. A. R. R. Co.,* 60 App. Div. 274; *Bopp* v. *N. Y. El. V. Trans. Co.,* 177 N. Y. 33; *Porges* v. *U. S. Mortgage & Trust Co.,* 203 N. Y. 181; *Hill* v. *West End Ry. Co.,* 158 Mass. 458.)

ANDREWS, J.    River street, Troy, runs north and south. Through its center are two tracks of the defendant's railroad with a distance between them of about four feet eight inches.

Anna Weigand is some twenty-four years of age.    She

was born deaf and dumb, but has attended school, is able to read and write, and has been engaged in dress making and in work in a collar factory, earning from eight to fifteen dollars a week. She is, therefore, a woman of intelligence.

On the evening of February 10th, 1916, at about six o'clock, she was on the west side of River street toward the center of a block. She intended to cross at this point to the opposite sidewalk. To the south of her were standing four or five street cars. From her position they must have interfered with her view to the south, but in the street were no other vehicles or obstructions, and the tracks were on but a slight grade and ran in substantially a straight line.

In crossing the street the plaintiff passed behind one of these stationary cars. She walked across the space between the tracks and as she was about to step upon the north-bound track she was struck by the northwest corner of a car approaching from the south. Beyond the south-bound car on the west track her view of the car which caused the accident was absolutely unobstructed.

It is for the injury so caused that she seeks to recover damages.

The first question for us to consider is whether the case contains any evidence to justify a finding of due care on her part. As to this, we are confined to her own testimony. Certainly no other witness relates facts from which such an inference might be drawn.

Her story is that when she walked into the space between the tracks she could see to the south for a distance of one hundred and thirty-five feet; that she stopped and looked in that direction; that she kept looking until she was struck, and that she saw no approaching car.

The respondent claims that the witness was confused; that she was giving evidence through an interpreter and that we may infer that she intended to say something other than she did say.

It may be so. If it is, she may explain herself upon another trial. But in this court we must take the record as we find it.

We have, therefore, the not unusual situation of a plaintiff testifying that when about to cross a railroad she looked in the direction of an approaching car in full view and did not see it. She was bound to see it. She was bound to see what by the proper use of her senses she might have seen. The statement that a witness does not see what she should have seen is incredible as a matter of law.

In his charge to the jury the trial judge made the question of negligence of the defendant depend entirely upon the speed at which the car was operated. Whether it should have been so limited we need not decide here.

The judgment of the Appellate Division should be reversed and a new trial ordered, with costs to abide the event.

HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN and CRANE, JJ., concur; COLLIN, J., absent.

Judgment reversed, etc.