Per Curiam.

Under the court’s charge the verdict could have been based upon negligent overcrowding or negligence in permitting the nun to sit in the terminal seeking alms. The evidence adduced at the trial does not establish a dangerous overcrowding or that the crowd was so excessive as to threaten plaintiff’s safety. There was no disorderliness or gang action. The alleged overcrowding and lack of guards were not the contributory causes of her fall. Plaintiff’s own testimony is to the effect that she was in a hurry to catch the 5 o’clock boat and that a man stepped aside and she hit something hard and did not see the nun sitting there. But, as a matter of law, the plaintiff is bound to see objects which by the proper use of her senses she might have seen (Abair v. City of New York, 295 N. Y. 789; Weigand v. United Traction Co., 221 N. Y. 39).
*715 The judgment should he reversed, with costs, and complaint dismissed, with costs.
Hofstadter, Aurelio and Tilzer, JJ., concur.
Judgment reversed, etc.