Per Curiam.

The judgment in favor of the defendant on his counterclaim against the plaintiffs William Cohen and Bruce Cohen and against all of the plaintiffs dismissing the complaint should be unanimously reversed on the law and facts, with $30 costs, and judgment directed against the defendant, with appropriate costs in the court below, in the following respects: In favor of the plaintiff William Cohen in the sum of $489.85 for his property damage; in favor of the plaintiff Gladys Cohen in the sum of $200 for her personal injuries; in favor of the plaintiff Bruce Cohen in the sum of $75 for his personal injuries and *624 in favor of the plaintiffs Bruce Cohen and William Cohen dismissing the counterclaim on the merits.
When Hansen proceeded into the intersection after having stopped at the stop sign without first ascertaining the condition of traffic along Avenue F, he was guilty of negligence and his negligence was the sole competent producing cause of the collision between his automobile and that owned by William Cohen. Bruce Cohen, the driver of the plaintiff’s automobile, when confronted with the fact that Hansen drove his ear into Avenue F, under the circumstances appearing in the record, acted as a reasonable and prudent person and was not negligent in the operation of the automobile. The facts do not warrant the finding by the trial court below that Bruce Cohen was negligent. In view of the fact that William Cohen was not in his automobile at the time of the accident, he is entitled to recover judgment against the defendant for property damage (Mills v. Gabriel, 259 App. Div. 60, motion for leave to appeal granted 259 App. Div. 818, affd. 284 N. Y. 755). Gladys Cohen could not be charged with contributory negligence under the circumstances as shown to have existed at the time of the happening of the accident.
Concur — Pette, Hart and Di Giovanna, JJ.
Judgment reversed, etc.