406 F.2d 322
 Jorge MAILLARD, Plaintiff-Respondent,
v.
AMERICAN EXPORT ISBRANDTSEN LINES, INC., Defendant-Appellant, and
John W. McGrath Corp., Defendant. AMERICAN EXPORT ISBRANDTSEN LINES, INC., Third Party Plaintiff,
v.
C & W SHIP SCALING & SERVICING CO., Third Party Defendant.
 No. 266.
 Docket 32725.
 United States Court of Appeals Second Circuit.
 Argued January 7, 1969.
 Decided January 30, 1969.
 
 Leon Stand, New York City (Eisenberg & Dembo, New York City on the brief), for plaintiff-respondent.
 E. Edan Spencer, New York City, for defendant-appellant.
 Dominic J. Lodato, Brooklyn, N. Y. (Schaffner & D'Onofrio, New York City, on the brief), for defendant, John W. McGrath Corp.
 Before LUMBARD, Chief Judge, and MOORE and FRIENDLY, Circuit Judges.
 LUMBARD, Chief Judge:
 
 
 1
 Defendant American Export Isbrandtsen Lines, Inc., appeals from a judgment in the Southern District of $50,500 awarded after a jury trial to Jorge Maillard for injuries he sustained in 1965 while working on a pier at American Export's direction. Finding the evidence sufficient to support the verdict, and finding no error in the court's instructions to the jury, we affirm.
 
 
 2
 Plaintiff was working aboard the defendant's ship SS FLYING ENTERPRISE in Hoboken, New Jersey, on April 1, 1965. At about noon of that day plaintiff and a co-worker, Gonzalez, were ordered by the Chief Mate to load certain cargo on the pier aboard the ship. According to plaintiff's testimony, which was corroborated by Gonzalez, the Chief Mate directed the men to use two particular "Hi-Los," a type of lifting cart, in performing the loading operation. Maillard used one of these two Hi-Los which did not have a protective overhead guard located above the driver's seat. The machines were owned by the John W. McGrath Corporation, which was an original defendant in this suit.
 
 
 3
 The pier on which the plaintiff and Gonzalez began to work was covered with a variety of debris, such as wood, rope and garbage. There was also a quantity of cargo stacked on both sides of the pier, leaving open only one route along which the Hi-Los could be driven to the ship. The Chief Mate was in a position aboard the ship where he could observe these conditions, and he did see plaintiff working on the pier. On his second trip, when the Hi-Lo was loaded with a quantity of hatch covers which each weighed between forty and sixty pounds, plaintiff unknowingly drove the Hi-Lo into a piece of 4 x 4 wood. This impact caused the Hi-Lo to tip backwards, with the result that the hatch covers fell on top of the plaintiff. He was knocked unconscious, regaining consciousness some 24 hours after the accident.
 
 
 4
 At the trial plaintiff discontinued its action against the McGrath Corporation before the offering of any testimony. Judge Brown dismissed American Export's cross-claim against McGrath at the end of trial, and this order is before us on appeal. Judge Brown also dismissed the portion of plaintiff's complaint against American Export which rested on unseaworthiness, and submitted the case to the jury only on the three bases of negligence alleged in the complaint: 1) failing to furnish a safe place to work; 2) permitting dunnage and other waste material to be scattered on the pier creating a hazardous condition, and 3) directing plaintiff to use an unsafe Hi-Lo. The jury returned a verdict of $50,500, which American Export alleges to be grossly excessive, and unsupported by sufficient evidence.
 
 
 5
 We find all of American Export's points on appeal without merit. First it claims that plaintiff failed to establish a prima facie case in negligence. Testimony, which the jury evidently believed, supported the conclusion that defendant's Chief Mate ordered the use of a defective Hi-Lo despite the fact that he knew, or reasonably should have known, that the debris spread upon the pier created an unsafe condition for the operation of Hi-Los. American Export may not have created the unsafe condition, but it was responsible for exposing plaintiff to that condition, or so the jury could reasonably find.
 
 
 6
 Nor do we find that the evidence established that plaintiff was contributorily negligent as a matter of law. It is certainly not beyond belief that a workman operating a loading cart on a busy pier might fail to see a stray piece of wood before driving the cart into it. We cannot overturn the jury's finding that plaintiff was free of contributory negligence since plaintiff's claim that he did not see the wood was not incredible. Cf. Weigand v. United Traction Co., 221 N.Y. 39, 42, 116 N.E. 345 (1917).
 
 
 7
 The court's charge to the jury was free from error, and we find no basis for American Export's contention that it was of so confusing a character as to preclude fair consideration by the jury. A more specific assignment of error is that the court incorrectly charged that defendant had the burden of proving contributory negligence, and that the doctrine of comparative negligence applied. But these charges would be in error only if this suit did not involve a maritime tort. We hold that defendant cannot now raise this claim, for before trial it stipulated to an order which designated this issue for trial:
 
 
 8
 "(f) If the plaintiff was guilty of any negligence which proximately contributed to the happening, what portion of the responsibility for the accident is attributable to the plaintiff's negligence?" Defendant's Appendix at 41a.
 
 
 9
 This stipulation clearly embodies the maritime theory of comparative negligence and estopped defendant from claiming, as it later did, "that if this plaintiff is guilty of contributory negligence in any degree he cannot have recovery." Likewise the stipulation prevents defendant from raising any other contention which has the effect of denying the maritime nature of this action.
 
 
 10
 The verdict of $50,500 was a substantial one in view of the fact that plaintiff's medical expenses amounted to not much more than $2,000. But the nature of plaintiff's injuries was fully developed before the jury and we cannot say that its award was so grossly excessive as to justify a remittitur.
 
 
 11
 Lastly, we find no evidence in the record which would have supported a judgment for American Export on its cross-claim against McGrath, and consequently the court was correct in dismissing the cross-claim.
 
 
 12
 Judgment affirmed.