■   WILLIAM D. HENDERBERG, Appellant, v STATE OF NEW YORK, Respondent.—Judgment unanimously affirmed, without costs. Memorandum: Claimant sues for injuries sustained in an accident occurring on July 5, 1970 on Black River Boulevard in the City of Rome, New York, when his motorcycle came in collision with a Ford pickup truck owned and operated by one Reginald G. Crowningshield. The accident happened at a point some distance south of the intersection of Black River Boulevard and Bouck Street in the northbound lane of the boulevard when claimant's motorcycle, proceeding north, collided with the pickup truck proceeding south. Claimant brings this action against the State of New York, claiming improper erection, construction and maintenance of traffic control signs on the entrance to Black River Boulevard from Dominick Street in the City of Rome. Claimant had the burden of proof with respect to the absence of the "KEEP RIGHT" sign at the intersection of Dominick Street and Black River Boulevard, since that was the essence of his claim that the State was negligent. A photograph taken 23 days after the accident does not establish the absence of the sign on the date of the accident. The inference of the absence of the sign from the photo is especially speculative in light of the testimony of Donald Briggs, the State highway labor foreman who had replaced the sign seven times over a two-year period. The State established that a sign was designated and maintained at the intersection; hence, claimant's only assertion of negligence must rest upon a lack of proper maintenance. Briggs testified that he discovered the sign missing on May 8, 1970, and his normal procedure would be to replace it within a couple of days. Officer Hoey, who investigated the accident, testified that he would have indicated the absence of the sign on his report had it been missing. The evidence in favor of claimant is that of Crowningshield who stated that he did not see the "KEEP RIGHT" sign. However, he also testified that he did not see the "KEEP RIGHT" and "DO NOT ENTER" signs 200 feet south on Black River Boulevard at its intersection with Bouck, which all concede were standing on July 5, 1970. This testimony and the exhibit depicting the intersection 23 days later without the sign is claimant's only evidence establishing its absence. Such evidence is not sufficient to sustain claimant's burden of proof to establish the absence of the sign and liability of the State of New York predicated thereon. Further, we would point out that the presence or absence of signs at the East Dominick and Black River Boulevard intersection could not be found to be a direct and proximate cause of the accident. The record establishes that Crowningshield at the time of the accident had passed not only the Dominick Street intersection but also had crossed the Bouck intersection, and prior to continuing south in the northbound traffic lane where the accident occurred, had disregarded the "DO NOT

ENTER" and "KEEP RIGHT" signs at the Bouck intersection, designed to divert southbound traffic from the northbound lane. In the exercise of reasonable care he was duty bound to observe those warning signs, which were properly erected and were clearly visible to him (*Hicks v State of New York,* 4 NY2d 1; *Weigand v United Traction Co.,* 221 NY 39). The intervention of Crowningshield's negligence broke any causal connection between the alleged original negligence of the State and the accident in such a manner as to become a new, independent and efficient cause thereof (*Dunn v State of New York,* 29 NY2d 313, 317–318; *Gralton v Oliver,* 277 App Div 449, affd 302 NY 864). The State cannot be properly charged with negligence contributing to the happening of the accident. (Appeal from judgment of Court of Claims in claim for damages for highway accident.) Present—Marsh, P. J., Moule, Mahoney, Dillon and Goldman, JJ.