■ HERBERT REINER, Respondent, v E. J. KORVETTE'S, INC., Appellant.—Judgment, Supreme Court, New York County, entered December 21, 1978,

upon a jury verdict awarding plaintiff the sum of $90,000, plus costs and disbursements, unanimously reversed, on the law, and new trial granted, with costs to abide the event. Plaintiff, a customer at defendant's store, sustained injuries on June 9, 1975, when he fell on a portion of the floor which was being washed and waxed. Defendant claimed that warning signs were posted, and plaintiff denied seeing any signs. Since the cause of action accrued prior to September 1, 1975 (CPLR 1411, 1412, 1413), plaintiff, under the testimony here, had the burden of proving his own freedom from contributory negligence, by a preponderance of the evidence. However, the court below, after making reference to this doctrine, charged as follows: "Now, if you find that that act of washing the floors during business hours, in this department store, in an aisle which customers were accustomed and invited to walk and be present, if you find that that was negligent, you need not consider the question of contributory negligence", and: "if you find that washing the floors of this department store during business hours was negligence, that negligence precludes any necessity of considering contributory negligence." Counsel specifically objected to these portions of the charge and moved for a mistrial. This was clearly prejudicial error. Even if defendant were negligent, plaintiff had an obligation to prove his freedom from contributory negligence (see *Weigand v United Traction Co.,* 221 NY 39). Concur—Birns, J. P., Ross, Lupiano, Silverman and Carro, JJ.