■ SHANTE TERRELL et al., Appellants, v PAUL KISSEL et al., Respondents.—In an action to recover damages for personal injuries, etc., plaintiffs appeal from a judgment of the Supreme Court, Kings County (Morton, J.), entered December 1, 1983, in favor of defendants, upon a jury verdict, after a trial limited to the issue of liability. The appeal brings up for review the denial of plaintiffs' motion to set aside the jury verdict.

Judgment reversed, on the facts, with costs, motion to set aside the jury verdict granted, and new trial granted.

This action arose out of an accident at an intersection and involved an automobile owned and driven by plaintiff Barbara Terrell and one operated by defendant Paul Kissel and owned by defendant Joan Kissel. At a trial limited to the issue of liability, the jury returned a verdict in favor of defendants. Plaintiffs' motion to set aside that verdict as against the weight of the credible evidence was denied.

On this appeal from the judgment entered upon the verdict in question, plaintiffs contend that defendants violated Vehicle and Traffic Law § 1172 (a); § 1142 (a) (governing the conduct of those operating motor vehicles on highways approaching intersections), that this was negligence as a matter of law, and that the jury's verdict was contrary to the weight of the evidence.

The trial record shows that the accident took place on April 2, 1979 at about 9:00 P.M. in drizzling weather but with clear visibility. Barbara Terrell's daughter, Sylvia, was a passenger in the right front seat of the Terrell vehicle. Sylvia was then

seven months' pregnant and was being driven by Barbara to Kings County Hospital for examination.

Barbara Terrell testified that after the point at which she entered Sutter Avenue and turned right (westward), traveling in the direction of the intersecting Cleveland Street, she stopped at two traffic lights. After the second light turned green she continued driving westward. Between that second light and the intersection of Sutter Avenue and Cleveland Street, traffic to and from the side streets intersecting with Sutter Avenue was controlled by stop signs. Her headlights were on. She had been driving at about 15 miles per hour but increased it to about 20 miles an hour between Elton and Cleveland Streets. She testified that she proceeded along Sutter Avenue and "as I approached Cleveland Street I was in the intersection and lights came on to me. I hit my brakes and there was a collision".

The collision was with the automobile driven by defendant Paul Kissel southbound on Cleveland Street, a one-way street heading south. He testified that he had stopped his car at the stop sign and looked to the left and right. He claimed that the view to his left was blocked by a van or oversized car, and other cars that were all parked on the north side of Sutter Avenue, just east of Cleveland Street. He testified that "in order to see past the cars that were parked, I had to come forward". He claimed "I had to inch out past it in order to see if it was clear to go". He said that after he inched forward about 11 or 12 feet, "I thought there was an explosion. I got hit. The car was hit". He testified on cross-examination that he could not recall whether he told the police who arrived at the accident site that there was a car blocking his view to his left on Sutter Avenue. It was further elicited that his accident report said nothing about any parked car blocking his view. The accident report was placed in evidence.

The court's charge to the jury included the following: "Now it is the duty of each of these drivers to operate his and her automobile with reasonable care having regard to the actual and potential hazards existing from the weather, the road— and the road was damp, it wasn't very damp according to their testimony—and traffic and other conditions. Each of them was under a duty to maintain a reasonably safe rate of speed, to have his and her automobile under reasonable control, and to keep a proper lookout under the circumstances then existing. To see and be aware of what was in his or her view. To use reasonable care and avoid an accident. A driver is charged with the duty to see that which under the facts and

circumstances he or she should have seen by the proper use of his or her senses. If you find that a driver did not observe that which was there to be seen, you may find that driver was negligent in failing to look or in not looking carefully. In addition to their [sic] general duty, the driver of a motor vehicle must also comply with the Vehicle and Traffic Law of the State of New York".

The court charged the contents of Vehicle and Traffic Law § 1172 (a) which provides:

"§ 1172. Stop signs and yield signs

"(a) Except when directed to proceed by a police officer, every driver of a vehicle approaching a stop sign shall stop at a clearly marked stop line, but if none, then shall stop before entering the crosswalk on the near side of the intersection, or in the event there is no crosswalk, at the point nearest the intersecting roadway where the driver has a view of the approaching traffic on the intersecting roadway before entering the intersection and the right to proceed shall be subject to the provisions of section eleven hundred forty-two".

The jury returned a verdict in favor of defendants on the liability issue. That verdict was against the weight of the credible evidence.

As defendant Paul Kissel drove southbound on intersecting Cleveland Street he faced a stop sign. Plaintiff Barbara Terrell, driving westerly on Sutter Avenue with her headlights on, might reasonably assume that that stop sign would be obeyed (see, Casiano v Weinstein & Son Floor Covering Corp., 37 AD2d 564). Although Paul Kissel testified that his view to the left was blocked by parked cars and that he did not see plaintiffs' car at any time before the impact, he could not recall whether he told the police who arrived at the accident site that there was a van or car blocking his view. Moreover, his accident report said nothing about any cars blocking his view.

In Weigand v United Traction Co. (221 NY 39, 42), the Court of Appeals, in reversing a judgment for the plaintiff and ordering a new trial, stated: "We have, therefore, the not unusual situation of a plaintiff testifying that when about to cross a railroad she looked in the direction of an approaching car in full view and did not see it. She was bound to see it. She was bound to see what by the proper use of her senses she might have seen. The statement that a witness does not see what she should have seen is incredible as a matter of law".

At bar, under the circumstances of this case, we find the

verdict for defendant to be against the weight of the credible evidence *(see, Cohen v Hansen,* 17 Misc 2d 623).

Accordingly, the judgment is reversed and a new trial is granted. Gibbons, J. P., Niehoff, Rubin and Kunzeman, JJ., concur.