■ JULIA AVILA, Appellant, v GEORGE J. MELLEN et al., Respondents.—In an automobile negligence action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Velsor, J.), entered September 6, 1985, which denied her motion to set aside a jury verdict and for a new trial, and (2) a judgment of the same court, dated February 6, 1986, which is in favor of the defendants and against her.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law and the facts, the order is vacated, the motion is granted, and a new trial is granted; and it is further,

Ordered that an award of one bill of costs shall abide the event of the new trial.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

This action arose out of an accident which occurred at approximately 6:00 P.M., on November 21, 1983, when an automobile driven by the defendant George Mellen and owned by the corporate defendant struck the plaintiff as she was crossing Orchid Drive in Levittown. Because the plaintiff was suffering from amnesia, she did not testify as to the circumstances of the accident; instead, she relied upon the testimony of Suzette Sullivan, a nonparty witness, with whom she was crossing the street. Prior to crossing to the side of the street where the plaintiff's car was parked, Sullivan ascertained that there were no westbound cars. However, she observed the defendants' car at least two blocks away proceeding in an easterly direction at an estimated 40 to 50 miles per hour. Both women proceeded to cross the street. Walking more briskly than the plaintiff, Sullivan reached the center of the street first; she then realized that the driver of the car had not reduced his speed as he came closer to her. Sullivan then

ran safely to the other side of the street. She turned around in time to see the defendants' car, which had swerved to avoid hitting her, strike the plaintiff.

The defendant George Mellen acknowledged that he observed plaintiff's parked car from at least 200 feet away. However, he claimed that in order to allow two westbound cars to proceed, he reduced his speed to 10 to 15 miles per hour and pulled to the right prior to passing the plaintiff's parked car. At that point, he was 20 feet to the rear of the plaintiff's car. Mr. Mellen testified that at this distance the last of the westbound cars had just passed his automobile. Nevertheless, he claims that he was temporarily blinded by the headlights of the westbound cars and thus he did not see Sullivan in the middle of his lane until he was 10 feet or less away from her. He then swerved to the left and applied pressure to his brakes in order to avoid hitting Sullivan. In doing so he struck the plaintiff who was "[t]hree quarters" of the way from the curb to the middle of the street.

Given Mr. Mellen's testimony as to the respective positions of the two women in the street, his claim that he was blinded by the lights of the westbound cars, the last of which had just passed him approximately 20 feet from the point of impact, is hardly credible. This is a case where Mr. Mellen was bound to see what, with proper use of his senses, he should have seen *(Weigand v United Traction Co.,* 221 NY 39; *Terrell v Kissel,* 116 AD2d 637). Thus, his claim that he did not see Sullivan until he was 10 feet or less away from her and that he did not see the plaintiff prior to hitting her was an admission that he failed to keep a proper look out for the safety of pedestrians. Consequently, we find that the jury's determination was contrary to the weight of the credible evidence *(see, Terrell v Kissel, supra).*

We further find that under the circumstances of this case the trial court erred in instructing the jury on the emergency doctrine since there were no facts presented at trial upon which a jury could reasonably have found that the defendant Mellen was faced with an emergency situation *(see, Shaw v Manufacturer's Hanover Trust Co.,* 95 AD2d 738; *Demme v Elmer J. Fogerty, Inc.,* 47 AD2d 851; *cf., Ferrer v Harris,* 55 NY2d 285).

In view of the foregoing, we need not address the plaintiff's remaining contention concerning the adequacy of the trial court's emergency charge. Brown, J. P., Weinstein, Rubin and Kooper, JJ., concur.