■ ANGEL MONTERO, Appellant, v RAMON O. HENRIQUEZ et al., Respondents.—In a negligence action to recover damages for personal injuries arising out of an automobile accident, the plaintiff appeals from a judgment of the Supreme Court, Westchester County (Rubenfeld, J.), entered June 24, 1986, which was in favor of defendants and against him, upon a jury verdict. The appeal brings up for review the denial of the plaintiff's motion to set aside the jury verdict and for a new trial.

Ordered that the judgment is reversed, on the facts, with one bill of costs payable by the respondents appearing separately and filing separate briefs, and the plaintiff's motion to set aside the jury verdict and for a new trial is granted.

The plaintiff was injured as a result of a two-car accident which occurred on February 9, 1981, on Biltmore Avenue, in front of the Westchester Country Club. The plaintiff was a passenger in the front passenger seat of a car owned and operated by the defendant Henriquez, which collided with a car driven by the defendant Mark D'Angelo and owned by the defendant Leonard D'Angelo. On the day of the accident, the weather was clear and sunny, i.e., visibility was perfect.

Both the plaintiff and the defendant Henriquez testified that the D'Angelo car suddenly emerged from behind a sand pile and drove into their path of travel. The defendant Mark R. D'Angelo testified, both at trial and at an examination before trial, that his car was not moving at the time of the accident. Rather, at that precise moment he was adjusting his glasses while his car was parked to the right of the sand pile, with the ignition running. The front bumper of his vehicle extended "a little bit over a foot approximately" from the outer portion of the sand pile. However, Mark R. D'Angelo's testimony on cross-examination, as well as a police report and a motor vehicle accident report, which were introduced into evidence indicated that (1) Mark R. D'Angelo had already moved his car from its parking spot at the time of the accident and (2) he did not see any vehicle coming from his left as he inched out from behind the sand pile.

The trial court charged the jury, *inter alia,* as follows:

"Each of [the drivers] was under a duty to maintain a reasonably safe rate of speed, to have his automobile under reasonable control and to keep a proper lookout, under the circumstances then existing, to see and be aware of what was in his view, and to use reasonable care to avoid an accident.

"A driver is charged with a duty to see that which under the facts and circumstances he should have seen by the proper use of his senses, and if you find that either driver did not observe that which was there to be seen, you may find that he or she was negligent in failing to look or in not looking carefully".

The court also charged the contents of Vehicle and Traffic Law § 1162, which provides: "No person shall move a vehicle which is stopped, standing, or parked unless and until such movement can be made with reasonable safety."

The court gave the jury a verdict sheet with seven questions on it. The first two questions on the issue of liability asked regarding the defendants Ramon O. Henriquez and Mark R. D'Angelo, "Was the defendant * * * negligent, and was his negligence a proximate cause of the accident and the plaintiff's injuries?" The jury answered these questions in the negative and did not answer the remaining questions.

The plaintiff moved to set aside the verdict and for a new trial, but the motion was denied.

In the instant case the jury was presented with two conflicting accounts of the accident, i.e., either the defendant Henriquez failed to see the stationary car as it clearly protruded beyond the sand pile, or the defendant Mark R. D'Angelo, while inching out from behind the sand pile, failed to see Henriquez's clearly visible car. Whichever version of the accident the jury chose to believe, it is obvious that the accident was not an unavoidable one and that at least one of the defendants was negligent *(see, Terrell v Kissel,* 116 AD2d 637). Accordingly, under the circumstances of this case, we find the verdict in favor of all the defendants on the issue of liability to be against the weight of evidence *(see, Terrell v Kissel, supra; see also, Cohen v Hansen,* 17 Misc 2d 623).

We have reviewed the remaining argument raised by the plaintiff and find it to be without merit.

Accordingly, the judgment is reversed and the plaintiff's motion to set aside the jury verdict and for a new trial is granted. Mangano, J. P., Bracken, Brown and Niehoff, JJ., concur.