■ LELEITH SAPPLETON, Appellant, v METROPOLITAN SUBURBAN BUS AUTHORITY, Respondent.

This action arose out of a one-vehicle accident which occurred on September 24, 1979, when the bus on which the plaintiff was a passenger collided with a utility pole on Beach 22nd Street in Far Rockaway, causing her to be thrown from her seat.

At trial, the defendant's bus driver testified that the collision occurred on a one-way street with cars parked on the left-hand side of the road. The utility pole was located on the

right-hand side of the street, six inches from the curb. The bus driver claimed that there was a slight curve in the road and estimated the distance between the parked cars on the left and the curb on the right to be about "the width of a bus and-a-half". He stated that the bus was traveling at a speed of about 20 miles per hour when it struck the pole. The driver admitted that he did not see the utility pole prior to the collision because he was looking out his side view mirror to make sure that the bus did not get too close to the parked cars on his left. He also acknowledged that his foot was on the gas when the impact occurred.

The plaintiff contends that the jury's finding of no negligence on the part of the defendant is against the weight of the credible evidence. We agree. This is a case where the bus driver was bound to see what, with proper use of his senses, he should have seen (see, Weigand v United Traction Co., 221 NY 39; Avila v Mellen, 131 AD2d 408; Terrell v Kissel, 116 AD2d 637). Thus, his claim that he did not see the utility pole until after the collision was an admission that he failed to keep a proper lookout. Consequently, we find that the jury's determination was against the weight of the credible evidence (see, Terrell v Kissel, supra).

We further find that under the circumstances of this case the trial court erred in giving the "sudden stop or jolt" and comparative negligence instructions since there was no evidence presented at trial to support either instruction (see, Avila v Mellen, supra, at 409).

Accordingly, the judgment is reversed and a new trial is granted. Mollen, P. J., Mangano, Eiber and Sullivan, JJ., concur.