■ JOSE PEREZ et al., Respondents, v ANGEL NAVARRO, Appellant.—In an action to recover damages for personal injuries, etc., the defendant appeals from an interlocutory judgment of the Supreme Court, Kings County (Garry, J.), entered March 30, 1988, which, upon a jury verdict, is in favor of the plaintiffs and against him on the issue of liability.

Ordered that the interlocutory judgment is affirmed, with costs.

While traveling in the right lane on the Whitestone Bridge the plaintiff Perez began to experience mechanical problems with his taxicab. The vehicle stalled and Perez pulled it over as far as possible with the tires against the rail of the bridge. He testified that he put on his warning lights. While Perez was at the front end of the automobile pouring water into the radiator, the defendant struck the automobile from behind, causing Perez to sustain personal injuries. The defendant contends that he was following another vehicle on the bridge when the lead car veered to the right and then shot off to the left, revealing for the first time the disabled vehicle right in front of him. His efforts to avoid a collision proved unsuccessful. The defendant claims that the lights on the taxicab were off. The defendant also contends that the jury charge was erroneous in several respects and that the jury verdict was against the weight of the evidence. We disagree.

It was proper for the court to instruct the jury that if they found that the defendant violated the rule of the Metropolitan Transportation Authority involved herein, i.e., 21 NYCRR 1073.1, prohibiting careless or negligent operation of vehicles, such a violation constituted negligence if it was a proximate cause of the accident. A violation of this rule is negligence per se *(see,* 21 NYCRR 1073.1).

Similarly unavailing is the defendant's contention that the court erred in charging the emergency doctrine as it related to Perez. The unforeseen stalling of the automobile in a traffic lane on the bridge created an emergency, and Perez's actions

thereafter must be evaluated in light of this unexpected event *(see, Hart v Scribner,* 44 AD2d 59). Furthermore, since the actions Perez took on the bridge were in response to an unexpected occurrence, it cannot be said that he intentionally assumed the risk of the defendant's negligence, as Perez's intention was to get off the bridge to avoid an accident. Therefore, the court correctly refused the defendant's request to charge implied assumption of risk *(see, Arbegast v Board of Educ.,* 65 NY2d 161).

We further find that the jury's verdict was not against the weight of the evidence. The defendant testified that he was traveling approximately 40 to 45 miles per hour in traffic upon a wet highway, that the bridge was well lit, and that he had no difficulty seeing. The defendant was under a duty not to follow too closely to the car in front of him, taking into consideration the road conditions *(see,* Vehicle and Traffic Law § 1129 [a]). Both Perez and a peace officer, who responded to the scene of the accident, testified that the taxicab had its lights on. In light of the testimony adduced at trial, the verdict in favor of the plaintiffs could have been reached on a fair interpretation of the evidence *(see, Nicastro v Park,* 113 AD2d 129). Mollen, P. J., Thompson, Bracken and Kunzeman, JJ., concur.