■ ANGEL DECLET, an Infant, by His Mother and Natural Guardian, MARGARET RODRIGUEZ, et al., Appellants, v ISRAEL RAMOS et al., Respondents.—In a negligence action to recover damages for personal injuries, etc., sustained in an automobile accident, the plaintiffs appeal from a judgment of the Supreme Court, Kings County (Held, J.), entered May 10, 1988, which, upon a jury verdict, is against them and in favor of the defendants.

Ordered that the judgment is affirmed, with costs.

On March 23, 1985, the infant plaintiff, then eight years old, crossed Halsey Street in Brooklyn, not in the cross walk, and was struck by a tow truck operated by the defendant driver.

The infant plaintiff testified that he had walked into the road from behind two cars illegally parked in a bus stop zone. The defendant driver testified that there was a van illegally parked in the bus stop zone and that the infant plaintiff "shot out" into the road in front of his tow truck from behind the van. Other witnesses testified that they did not recall any vehicle illegally parked in the bus stop zone. The jury found that the defendants were not negligent and judgment in their favor was entered accordingly. We affirm.

We find that the court did not err as a matter of law by charging the jury with respect to the effect of an emergency on the reasonableness of the defendants' conduct. Since "it is more than conceivable that a jury could conclude that this defendant was faced with an emergency", it was proper for the court to charge as to an emergency situation (see, Ferrer v Harris, 55 NY2d 285, 292).

The plaintiffs' contentions that the trial court committed reversible error in alluding to the infant plaintiff as potentially "precocious" and in commenting that the accident may not have occurred in a "garden spot in Brooklyn" were not preserved for appellate review and thus we do not address them.

Finally, we find that the court did not err in allowing a police officer to testify as to what the defendant driver told her at the scene of the accident. Since the defendant driver was accused of fabricating his story about the accident, such testimony was properly admitted under the recent fabrication exception to the hearsay rule (see, Richardson, Evidence § 519

[Prince 10th ed]). Bracken, J. P., Kunzeman, Kooper and Balletta, JJ., concur.