■ MARLA FISCHL, Appellant, v JOSEPH N. CARBONE, JR., et al., Respondents.—In a negligence action to recover damages for personal injuries, the plaintiff appeals from an interlocutory judgment of the Supreme Court, Nassau County (Collins J.), dated December 3, 1987, which, upon a jury verdict on the issue of liability, and upon denying the plaintiff's motion to set aside the verdict, found the plaintiff 25% at fault in the happening of the accident and the defendants 75% at fault in the happening of the accident.

Ordered that the interlocutory judgment is affirmed, with costs.

The plaintiff Marla Fischl and the defendant Joseph N. Carbone were involved in an automobile accident shortly after midnight on October 8, 1983. After the liability phase of a bifurcated trial, the jury returned a verdict which found the defendants 75% at fault, and the plaintiff 25% at fault. On this appeal, the plaintiff contends, *inter alia,* that the trial court erred in instructing the jury on the emergency doctrine with respect to the defendant driver's conduct (PJI 2:14). We find that under the circumstances of this case, the defendant driver was "confronted by a sudden and unforeseen condition not brought about * * * by his own [making]" (PJI 2:14). Thus, the question of whether his conduct was reasonable in the face of an emergency was properly one for the jury *(see, Ferrer v Harris,* 55 NY2d 285, 292-293, *mod on other grounds* 56 NY2d 737; *see also, Walker v Barnwell,* 122 AD2d 605; *cf., Avila v Mellen,* 131 AD2d 408).

The plaintiff further contends that the court improperly allowed a police officer to testify as to the substance of a statement made by an ambulance driver at the scene of the accident. Although the testimony was improperly admitted subject to connection it was later stricken. The jury was given appropriate curative instructions to disregard the testimony. The error does not warrant reversal.

As the plaintiff argues, the police officer's testimony as to the substance of a statement made at the scene of the accident by the defendant driver and that portion of the police report were hearsay, and were improperly admitted into evidence *(see, Cover v Cohen,* 61 NY2d 261, 274). However, the admission of the testimony was harmless error since "the result would have been the same had the improperly admitted evidence been excluded" *(Moore v Maggio,* 96 AD2d 738).

Moreover, the court properly denied the plaintiff's motion to set aside the verdict as against the weight of the evidence *(see,*

*Nicastro v Park,* 113 AD2d 129, 134). Mangano, J. P., Thompson, Spatt and Rosenblatt, JJ., concur.