■ RICHARD WAUGH, JR., Appellant, v WENDY L. JOHNS, Respondent. [614 NYS2d 760] —In an action to recover damages

for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (McCarty, J.), entered May 28, 1992, which, upon a jury verdict in favor of the defendant on the issue of liability, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

During the morning rush hour on December 16, 1988, the plaintiff was crossing Old Country Road in Hicksville when he was struck by a vehicle owned and operated by the defendant. The defendant, who had been proceeding in a left-turning lane towards the intersection, explained that she never saw the plaintiff before the accident occurred because he had emerged into the path of her vehicle from in between two stationary LILCO trucks in the through-travel lane to her right. Although the plaintiff denied that he had passed between two trucks that would have obstructed his and the defendant's view of the roadway, he admitted that he had not seen the defendant's car heading towards him, that the traffic was heavy, and that he had been crossing the road approximately 50 to 100 feet away from the intersection where the defendant was preparing to make the left turn. After a trial on liability only, the jury returned a verdict finding that the defendant was not at fault in the happening of the accident. On appeal, the plaintiff contends that the trial court erred in instructing the jury on the emergency doctrine and in denying its motion to set aside the verdict as against the weight of the evidence.

Under the circumstances of this case, it was for the jury to decide whether the defendant was faced with an emergency when the plaintiff, who admittedly was not within a crosswalk or at a traffic signal, emerged into her lane from in between two trucks (see, e.g., Rivera v New York City Tr. Auth., 77 NY2d 322; Ferrer v Harris, 55 NY2d 285, 292-293, mod on other grounds 56 NY2d 737; Declet v Ramos, 155 AD2d 512; cf., Avila v Mellen, 131 AD2d 408). Thus, the court properly charged the jury with respect to the emergency doctrine. In finding that the defendant was not at fault in the happening of the accident, the jury may have found that the sudden emergence of a pedestrian from between two stationary trucks on a heavily-trafficked roadway approximately 50 to 100 feet from the traffic signal at the intersection was an unexpected circumstance not of the defendant's own making that should not have been reasonably foreseen by her (see, PJI 2:14; Fischl v Carbone, 155 AD2d 516; Perez v Navarro, 148 AD2d 509; Hart v Scribner, 44 AD2d 59). Further, the jury may have credited the defendant's exculpatory explanation that she did

not see the plaintiff because of his own reckless conduct in emerging into her travel lane from between two stopped utility trucks that blocked her view of the right side of the road *(see, Varsi v Stoll,* 161 AD2d 590, 591; *Stevenson v Olfano,* 133 AD2d 751).

Moreover, the court properly denied the plaintiff's motion to set aside the verdict as against the weight of the evidence *(see, Nicastro v Park,* 113 AD2d 129, 134). Thompson, J. P., Balletta, O'Brien and Florio, JJ., concur.