■ MARK NAHVI, Respondent, v LESLIE A. URBAN, Appellant. [687 NYS2d 398] —In a negligence action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Suffolk County (D'Emilio, J.), dated July 21, 1998, which denied her motion pursuant to CPLR 4404 to set aside the jury verdict in favor of the plaintiff and against her on the issue of liability.

Ordered that the order is reversed, on the law, the motion is granted, and a new trial is granted, with costs to abide the event.

In this automobile accident case, the plaintiff claimed to have no memory either of the accident itself, or of events which occurred immediately before or after the accident. Over the defendant's objection, and despite the fact that the plaintiff did not introduce any medical evidence concerning his claimed amnesia, the trial court instructed the jury in accordance with PJI 1:62, which pertains to a lesser degree of proof in certain circumstances for those with amnesia. This was error.

As a general rule, a plaintiff with amnesia is not held to as high a degree of proof as a plaintiff who can describe the happening of the accident, provided that the plaintiff meets his or her burden of proving, by clear and convincing evidence, that he or she suffers from amnesia caused by the accident (*see, Schechter v Klanfer,* 28 NY2d 228; *Sawyer v Dreis & Krump Mfg. Co.,* 67 NY2d 328, 335; *Costa v Hicks,* 98 AD2d 137, 146; PJI 1:62). However, it is well settled that "[a]bsent any medical proof of amnesia * * * or causation [the] plaintiffs will not be entitled to the more lenient standard of proof" (*Costa v Hicks, supra,* at 146; *Sawyer v Dreis & Krump Mfg. Co., supra; Dulin v Maher,* 200 AD2d 707; *Santos v City of New York,* 130 AD2d 476).

Under the circumstances of this case, the error cannot be deemed harmless, and therefore the verdict must be set aside and the matter remitted for a new trial on liability. O'Brien, J. P., Ritter, Thompson and Joy, JJ., concur.