■ Constance O. McGuire et al., Appellants, v Margaret Laier, Respondent. [721 NYS2d 552] —In an action to recover

damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Nassau County (Palmeri, J.), dated May 12, 2000, which, upon a jury verdict on the issue of liability and upon the denial of their oral application to set aside the verdict, is in favor of the defendant and against them dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

The Supreme Court properly refused to charge that the injured plaintiff, who allegedly suffered from amnesia as a result of the subject accident, was subject to a lesser burden of proof in establishing, among other things, that the defendant was negligent (*see, Costa v Hicks,* 98 AD2d 137; PJI 1:62). Before the commencement of trial, counsel for the parties agreed that the jury would not be given this instruction. In any event, no medical evidence was adduced to establish the injured plaintiff's alleged amnesia or that it was the result of the accident. It is well settled that "[a]bsent any medical proof of amnesia * * * or causation [the] plaintiffs will not be entitled to the more lenient standard of proof" (*Costa v Hicks, supra,* at 146; *see also, Nahvi v Urban,* 259 AD2d 740, 741; *Sawyer v Dreis & Krump Mfg. Co.,* 67 NY2d 328).

The Supreme Court properly denied the plaintiffs' application to set aside the verdict as against the weight of the evidence (*see, Cohen v Hallmark Cards,* 45 NY2d 493; *Waugh v Johns,* 206 AD2d 525).

The plaintiffs' remaining contention is without merit. Santucci, J. P., Krausman, S. Miller and Smith, JJ., concur.