■ Nieve Betances, Respondent, v Metropolitan Suburban Bus Authority et al., Appellants. (Action No. 1.) Wilder Manrique, Respondent, v Metropolitan Suburban Bus Authority et al., Appellants. (Action No. 2.) [767 NYS2d 790]—

In two related actions to recover damages for personal injuries, Metropolitan Suburban Bus Authority and Roberto Perez, defendants in Action Nos. 1 and 2, appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Mahon, J.), entered September 9, 2002, as granted the respective motions of the plaintiffs in both actions pursuant to CPLR 4404 (a) to set aside the jury verdict in their favor and against the plaintiffs in both actions as against the weight of the evidence, and Esparanza Cruz and Wilder Manrique, defendants in Action No. 1, also appeal from so much of the same order as granted the motion of the plaintiff in Action No. 1 pursuant to CPLR 4404 (a) to set aside the jury verdict in their favor and against the plaintiff in Action No. 1 as against the weight of the evidence.

Ordered that the order is affirmed, without costs or disbursements.

The Supreme Court properly set aside the jury verdict. Under the circumstances of this case, the subject accident was not unavoidable, and at least one of the defendants was negligent. Accordingly, the jury's verdict in favor of the defendants in both actions was against the weight of the evidence (*see Montero v Henriquez,* 133 AD2d 677, 678 [1987]). Ritter, J.P., Smith, Goldstein and H. Miller, JJ., concur.