■ GLADYS F. BROWN et al., Respondents, v ROGER TAYLOR et al., Appellants. [633 NYS2d 170] —Order, Supreme Court, Bronx County (Alan Saks, J.), entered May 10, 1995, granting plaintiffs' motion to set aside the verdict, unanimously reversed, on the law, without costs or disbursements, the motion denied and the verdict reinstated.

In this rather routine two-vehicle accident tried on the issue of liability only, damages having been stipulated to at the sum of $250,000, said sum to be reduced proportionately by any comparative negligence assessed against the plaintiff driver, the jury was presented with a classic case of conflicting accounts, which it resolved in favor of the defendants, a bus

driver and his employer. While a trial court may, in the exercise of discretion, set aside a verdict, it may not do so merely because it disagrees with the result. Its power in this area must be exercised with caution since, in the absence of an indication that substantial justice has not been done, a litigant is entitled to the benefit of a favorable verdict. Fact-finding is within the province of the jury, not the trial court. "[A] jury verdict in favor of a defendant should not be set aside unless 'the jury could not have reached the verdict on any fair interpretation of the evidence' ." (*Nicastro v Park*, 113 AD2d 129, 134, quoting *Delgado v Board of Educ.*, 65 AD2d 547, *affd* 48 NY2d 643; *see, Ellis v Hoelzel*, 57 AD2d 968.) In the instant case, there is no basis upon which to set aside the verdict. Concur—Sullivan, J. P., Kupferman, Williams and Tom, JJ.