**8** EDIN R. MAZARIEGOS, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. [645 NYS2d 802] —Order, Supreme Court, New York County (Edward J. Greenfield, J.), entered on or about October 10, 1995, which granted plaintiff's motion to set aside a jury verdict and ordered a new trial, unanimously reversed, on the law and the facts, without costs, the motion is denied, and the verdict reinstated.

Plaintiff was severely injured after he fell onto the subway tracks at the Eighth Avenue and 42nd Street station in Manhattan, and part of the first car of a southbound local train rolled over him. Plaintiff's theory was that he had become dizzy and fell off the platform in advance of a train entering the station, and the motorman had ample time to notice him lying unconscious on the tracks. Defendant's case was based on the equally plausible possibility that plaintiff, rushing to catch the train before it left the station, slipped and fell in front of the lead car, out of the view of the motorman, and was injured as the train started up to leave.

Plaintiff's expert offered mathematical calculations as to how far the train would travel after the brakes were automatically applied by the tripcock, which stops the train whenever an obstruction is encountered on the tracks. Without need to

refute that evidence, defendant sought to rely on hearsay reports of plaintiff's own admission that he had fallen off the platform while running to catch the train—the memo book of the police officer who attended plaintiff immediately after the accident, the Transit Police report summarizing the police officer's narrative, and a statement taken by defendant's investigator from Manuel Cabrera, the emergency medical technician who treated plaintiff at the scene. On the witness stand at trial, Cabrera denied plaintiff had ever admitted falling while running for the train, and the Trial Judge refused to allow defendant to impeach Cabrera's testimony with the purportedly inconsistent prior statement taken by defendant's investigator.

After the jury returned a verdict in defendant's favor, plaintiff moved for judgment n.o.v. or to set aside the verdict for a new trial. The motion was devoted almost exclusively to defendant's alleged noncompliance with disclosure demands; not until page 76 of counsel's 81-page supporting affirmation was the argument introduced that the verdict was against the weight of the credible evidence, and that argument was not even raised in plaintiff's memorandum of law. The Trial Judge, although denying plaintiff's effort to dismiss defendant's answer on grounds of misconduct during the discovery phase, nevertheless waded deep into the mathematical calculations and concluded that the verdict was against the weight of the evidence. In doing so, he ignored the fact that those mathematical calculations, though rational enough, did not negate the viability of defendant's alternative theory.

The jury was free to choose between the conflicting interpretations of the evidence offered by the parties. Notwithstanding the intricately calculated "reconstruction" offered by plaintiff's expert, the weight of the evidence at trial was not strongly in favor of either party. Indeed, in defendant's favor, there was testimony that the space immediately in front of the left wheels of the first car was within the "blind spot" of the motorman, from his compartment on the right side. Furthermore, there was no evidence that anyone else on the crowded rush-hour platform either saw plaintiff fall to the tracks as the train approached, or attempted to signal the motorman of the decelerating train as to an injured person on the tracks.

A trial court may not set aside a jury's verdict simply because it disagrees with the result; absent an indication of substantial injustice, a litigant is entitled to the benefit of a favorable verdict (*Brown v Taylor*, 221 AD2d 208). Credibility of witnesses and resolution of conflicting proofs are matters

properly for determination by a jury; only if the jury's verdict could not have been reached on any fair interpretation of the evidence should it be set aside as contrary to the weight of evidence (*Wiseberg v Douglas Elliman-Gibbons & Ives*, 224 AD2d 361; *Vavosa v Stiles*, 220 AD2d 363). Viewing the evidence in the light most favorable to the prevailing defendant, a jury could reasonably find that defendant was not liable for plaintiff's injuries (*Gianniosis v LID Mgt. & Finishing Serv. Co.*, 194 AD2d 413). Under the circumstances, it was error for the Trial Judge to have disturbed this jury's verdict.

Plaintiff's motion to strike defendant's reply brief is denied. Concur—Milonas, J. P., Rosenberger, Wallach, Ross and Tom, JJ.