■ THERESA BERRY, Appellant-Respondent, v METROPOLITAN TRANSPORTATION AUTHORITY et al., Respondents-Appellants, and KENNETH BAILEY, Respondent. [683 NYS2d 30] —Order, Supreme Court, Bronx County (Lottie Wilkins, J.), entered July 3, 1997, which, *inter alia*, granted defendants' motions to set aside the verdict and ordered a new trial on liability and damages, and denied defendants' motion to dismiss the complaint, unanimously modified, on the law and the facts, to the extent of denying the motions to set aside the verdict and reinstating the verdict, and otherwise affirmed, without costs.

Plaintiff was a passenger in a car driven by defendant Kenneth Bailey when the vehicle was involved in a collision with a Manhattan and Bronx Surface Transit Operating Authority (MABSTOA) bus driven by defendant Samuel Peterson. According to plaintiff and Bailey, the accident was Peterson's fault, while MABSTOA maintained that Bailey had caused the accident. The jury awarded plaintiff $1,000,000, finding Bailey 90% negligent and MABSTOA 10% negligent.

The trial court granted defendants' motions to set aside the verdict and ordered a new trial. First, the court concluded that the verdict was against the weight of the evidence, finding that because the testimony of a nonparty eyewitness (a passenger on the bus) tended to support the bus driver's version of the collision, the "jury's assignment of fault in the accident 'shocks the conscience of this Court' [citations omitted]". Second, the court found that the jury's finding of negligence as against MABSTOA and Peterson may have been "influenced" by improper comments made by plaintiff's counsel during summation.

We find on the record before us that there was no basis on which to set aside the jury's verdict. While a trial court may disagree with a jury's allocation of liability, it cannot set aside a verdict for this reason (*Brown v Taylor*, 221 AD2d 208, 209). The power of a trial court to set aside a verdict as against the weight of the evidence "must be exercised with caution since, in the absence of an indication that substantial justice has not been done, a litigant is entitled to the benefit of a favorable verdict" (*supra*, at 209; *see also, Martin v McLaughlin*, 162 AD2d 181, 184). Indeed, we have previously cautioned that a verdict should be set aside on this ground "only if the jury's verdict could not have been reached on any fair interpretation of the evidence" (*Mazariegos v New York City Tr. Auth.*, 230 AD2d 608, 610; *see also, Grassi v Ulrich*, 87 NY2d 954, 956; *Edwards v Manhattan & Bronx Surface Tr. Operating Auth.*, 252 AD2d 410, 411-412). This is simply not the case in the matter before us.

While the trial court seems to have concluded that the testimony of the bus passenger was wholly dispositive and compelled a finding of 100% liability as to Bailey and complete exoneration of Peterson, the jury had before it numerous and varying eyewitness accounts as to where each vehicle was, and whether and at what speed each was moving, immediately before and at the time of the collision; aspects of various witnesses' testimony both conflicted and confirmed the accounts of others. Thus, the jury's determination to hold Bailey predominantly (90%) responsible and allocate only 10% liability to MABSTOA and Peterson is supported by the evidence and can hardly be said to shock the conscience.

We further find that the court's conclusion that the jury may have been prejudiced as to MABSTOA and Peterson by remarks made during plaintiff's summation is also without support in the record.

We have considered the parties' remaining claims and find

them to be without merit. Concur—Milonas, J. P., Ellerin, Rubin and Mazzarelli, JJ.