■ SAVERIO MARINO et al., Appellants-Respondents, v SKIL CORPORATION et al., Respondents, and TRATAROS CONSTRUCTION, INC., et al., Respondents-Appellants, et al., Defendants. (And Other Actions.) [686 NYS2d 13] —Judgment, Supreme Court, New York County (Jane Solomon, J.), entered July 17, 1997, which, upon a jury verdict in favor of defendants Skil Corporation, Trataros Construction, Inc. and the Dormitory Authority of the State of New York, *inter alia*, dismissed the complaint against those defendants, unanimously affirmed, without costs.

The evidence at trial and the inferences permissibly drawn therefrom provided sufficient support for the jury's rejection of plaintiff's claims for damages, on both the defective product design theory and pursuant to Labor Law § 200 or § 241 (6) (*see, Mirand v City of New York*, 84 NY2d 44, 48-49; *Cohen v Hallmark Cards*, 45 NY2d 493, 499). We note in this connection that although it was undisputed that there had been a violation of 12 NYCRR 23-1.12 (c) (1), plaintiff, nonetheless, was not entitled to a directed verdict upon his Labor Law § 241 (6) cause of action since the jury could have rejected plaintiff's testimony as to how his injury occurred, or could have reasonably determined that the violation had not proximately caused plaintiff's harm (*see, Rizzuto v Wenger Contr. Co.*, 91 NY2d 343, 350). Nor was the verdict against the weight of the evidence. Mindful as we are that "[c]redibility of witnesses and resolution of conflicting proofs are matters properly for determination by a jury", it is not possible to conclude in this case that "the jury's verdict could not have been reached on any fair interpretation of the evidence" (*Mazariegos v New York City Tr. Auth.*, 230 AD2d 608, 609-610).

We have considered plaintiff's remaining arguments and find them to be unavailing. Concur—Ellerin, J. P., Williams, Tom and Saxe, JJ.