OPINION OF THE COURT
Memorandum.
Judgment unanimously reversed without costs and new trial ordered limited solely to the issue of damages.
On November 23, 1993, plaintiff was a passenger on a bus which was involved in an accident. As a result of the accident she suffered a lumbar disc herniation at L3-L4. She was born in 1941.
At the trial the plaintiff called to testify a treating physician who saw her approximately five times but did not call the treating chiropractor, Dr. Benson, who saw her about 50 times. The defendants’ attorney requested a missing witness charge but the court refused to so charge.
In our view the defendants were entitled to a missing witness charge in regard to the plaintiff’s treating chiropractor, Dr. Benson. The defendants’ attorney alerted the trial court as soon as practicable. Dr. Benson was knowledgeable about plaintiff’s treatment and injuries and he would naturally be expected to provide noncumulative testimony favorable to the party who has not called him, in this case the plaintiff, and the witness is available to such party (Dukes v Rotem, 191 AD2d 35).
Finally, the plaintiff failed to establish that Dr. Benson’s testimony would be cumulative because there was a report by him in the record dated October 14, 1994 which stated that plaintiff has full range of motion of her neck and back. If Dr. Benson had so testified at the trial it conceivably would have significantly reduced the award in plaintiff’s favor (Prince, Richardson on Evidence § 3-140 [Farrell 11th ed]).
Kassoff, P. J., Scholnick and Chetta, JJ., concur.