■ MARY SIGUE, Respondent, v CHEMICAL BANK, Appellant, et al., Defendants. (And Third-Party Actions.) [727 NYS2d 86] —Judgment, Supreme Court, New York County (Sheila Abdus-Salaam, J., and a jury), entered June 23, 2000, apportioning liability 100% against defendant-appellant premises occupant, and awarding plaintiff, an employee of third-party defendant cleaning contractor, damages in the principal amounts of $250,000 for past pain and suffering and $20,160 for past lost earnings, unanimously modified, on the law and the facts, to direct a new trial on the issue of damages, and otherwise affirmed, without costs.

The verdict on liability was based on legally sufficient evidence of appellant's constructive notice of a dangerous condition on its premises. Plaintiff testified that the tape fastening the plastic mat to the ramp on which she fell was worn, had holes in it, was always turning over and was otherwise in a "deplorable condition" for a month prior to the accident (*see*, *Trincere v County of Suffolk*, 90 NY2d 976, 977; *Bernstein v Red Apple Supermarkets*, 227 AD2d 264, *lv dismissed* 89 NY2d 961). Plaintiff's credibility was properly placed before the jury, whose finding of fact as to the existence of a danger is supported by a fair interpretation of the evidence and should not be disturbed (*see*, *Bernstein v Red Apple Supermarkets, id.*). Nor is there any basis for disturbing the jury's apportionment of liability (*see*, *Berry v Metropolitan Transp. Auth.*, 256 AD2d 271, 272). In that regard, it was not plaintiff's burden to prove that she was not negligent in moving her cleaning cart down the ramp, but rather appellant's burden to show that there was an alternative, safer route that plaintiff chose not to take (*see*, *Perales v City of New York*, 274 AD2d 349).

However, with respect to damages, there is reversible error in two respects. First, the trial court should not have allowed the testimony of plaintiff's neurologist that she suffered from

an internal derangement of the left knee and detachment of the medial meniscus. Such testimony was based on an arthrogram report prepared by a non-testifying doctor that was not addressed to the neurologist, and should not have been admitted into evidence since it constituted an expression of opinion on the crucial issues of the existence and severity of plaintiff's injuries and formed the principal basis for the neurologist's opinion on those issues, "not merely a link in the chain of data upon which that witness relied" (*Borden v Brady*, 92 AD2d 983, 984; *see also, Brown v County of Albany*, 271 AD2d 819, 820-821, *lv denied* 95 NY2d 767; *Schwartz v Gerson*, 246 AD2d 589). The trial court also erred in refusing to give a missing witness charge with respect to the two treating physicians who, it appears, provided most of the treatment for the injuries in issue herein (*see, Dukes v Rotem*, 191 AD2d 35, 39-40, *appeal dismissed* 82 NY2d 886; *Reynolds v Green Bus Lines*, 184 Misc 2d 290). Concur—Sullivan, P. J., Ellerin, Wallach, Rubin and Buckley, JJ.