Judgment, Supreme Court, New York County (Nicholas Figueroa, J.), entered September 15, 2008, upon a jury verdict in defendants’ favor, unanimously affirmed, without costs.
Flaintiff was struck by a taxi, owned by defendant Dady and *516 driven by defendant Camara, at 3:45 on a September morning in 2006, as he was crossing West End Avenue outside the crosswalk at West 76th Street in Manhattan. Plaintiff testified at trial that he was drunk at the time of the accident, saw the taxi in the distance as he started to cross the street, and was aware that the taxi had a green light in its favor. Plaintiff stated that he was wearing dark pants and shoes and carrying a dark bag. He challenges the verdict on the grounds, inter alia, that the court gave an erroneous charge concerning the failure to yield the right-of-way, and that it was against the weight of the evidence or was not supported by legally sufficient evidence.
Although the court improperly charged the jury on pedestrians crossing a roadway, under a provision of the Vehicle and Traffic Law that was superseded by the Rules of the City of New York (34 RCNY 4-04) pursuant to section 1642 (a) (10) and (11) of the Vehicle and Traffic Law, the error was harmless because it did not bear upon an issue reached by the jury (Gilbert v Luvin, 286 AD2d 600 [2001]). The improper charge related exclusively to plaintiffs duty of care in entering upon the roadway. The verdict was based on a finding that the driver was not negligent. Therefore, the jury never reached the question of plaintiffs negligence.
Viewing the evidence in the light most favorable to defendant as we must, the verdict was based on a fair interpretation of the evidence (see Mazariegos v New York City Tr. Auth., 230 AD2d 608, 609-610 [1996]). Moreover, there were a valid line of reasoning and permissible inferences that could possibly lead a rational person to the conclusion reached by the jury on the basis of the evidence presented at trial (see Cohen v Hallmark Cards, 45 NY2d 493, 499 [1978]).
We have reviewed plaintiffs other claims and find them without merit. Concur—Gonzalez, P.J., Friedman, Moskowitz, Renwick and DeGrasse, JJ.