■ NANCY CRUZ, Respondent, v BRONX LEBANON HOSPITAL CENTER, Appellant. [13 NYS3d 27]—

Judgment, Supreme Court, Bronx County (Mark Friedlander, J.), entered August 6, 2013, following a jury trial, which awarded plaintiff damages for past and future pain and suffering in the amounts of $140,000 and $60,000, respectively, as reduced by prior order of the court, entered May 16, 2013, modified, on the law and facts, to the extent of restoring the amounts awarded by the jury for past and future pain and suffering, $300,000 and $270,000, respectively, and otherwise affirmed, without costs. Appeal from the May 16, 2013 order,

---

* Administrative Code of the City of New York § 10-601 *et seq.*

unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

On August 16, 2006, plaintiff, a 65-year-old grandmother, attended a cookout on the grounds of Bronx-Lebanon Hospital with four of her grandchildren. The picnic was held in a courtyard with a gated playground area. A series of interconnected rubber mats lined the floor of the playground.

Plaintiff testified that as she entered the playground with her five-year-old grandson, her foot became caught in a hole in the rubber mat, and she fell forward, her right elbow striking the ground. Plaintiff described the hole as being caused by "worn out" rubber.

Plaintiff was taken via ambulance to the hospital, where the staff performed a closed reduction and placed her arm in a cast. Plaintiff's and defendant's expert were in agreement that plaintiff sustained an avulsion or "chip fracture," and a dislocation of the right elbow as a result of the accident. Defendant's expert agreed that plaintiff has pain and range of motion limitations as a result of the avulsion. Plaintiff's expert, a board-certified orthopedic surgeon, explained that it "take[s] a lot of trauma" to dislocate an elbow, which is a more stable joint than the shoulder. Plaintiff suffered loss of grip strength and loss of sensation in the affected arm as a result. "Loose bodies," comprised of cartilage and small bone fragments, are still floating around in her elbow. The fragments render the joint unstable and make plaintiff feel as if "the elbow is going to come out." As a result of the presence of the fragments, plaintiff is expected to suffer pain for the duration of her life. The loss of range of motion is unlikely to improve given the formation of scar tissue in the elbow.

The vice-president of support services at defendant hospital testified that the maintenance staff inspects and cleans the accident area at least once per day. He further testified that his records did not contain a work order for the claimed defect in the rubber mat.

Following a week-long trial, the jury rendered a verdict in favor of plaintiff, and awarded her $300,000 for past pain and suffering and $270,000 for future pain and suffering. Upon defendant's motion, the award was reduced to $140,000 and $60,000, respectively.

To set aside a jury verdict as unsupported by sufficient evidence, the movant must demonstrate that "there is simply no valid line of reasoning and permissible inferences which could possibly lead rational [people] to the conclusion reached by the jury on the basis of the evidence presented at trial" (*Cohen v*

*Hallmark Cards*, 45 NY2d 493, 499 [1978]). The standard for setting aside a verdict as against the weight of the evidence is "whether the evidence so preponderate[d] in favor of the [movant] that [the verdict] could not have been reached on any fair interpretation of the evidence" (*Lolik v Big v Supermarkets*, 86 NY2d 744, 746 [1995] [internal quotation marks omitted]).

The liability verdict was based on legally sufficient evidence of defendant's constructive notice of a dangerous condition on its premises and was not against the weight of the evidence (*see e.g. Sigue v Chemical Bank*, 284 AD2d 246 [1st Dept 2001]; *Luciano v Niagara Frontier Vocational Rehabilitation Ctr.*, 255 AD2d 974 [4th Dept 1998] [the defendant failed to establish as a matter of law that it lacked constructive notice of worn and curled floor mat]).

Plaintiff's testimony that she was caused to fall when her foot became ensnared in a "worn out" section of the rubber mat was sufficient to support a finding of liability (*see e.g. Sigue*, 284 AD2d at 246 [plaintiff's testimony that "the tape fastening the plastic mat to the ramp on which she fell was worn, had holes in it, was always turning over," constituted legally sufficient evidence of an unsafe condition to support liability verdict]). The fact that plaintiff's testimony provided the lone evidence of the claimed defect is not a basis to conclude that there was insufficient evidence of a hazardous defect to impose liability on the premises owner (*see Signorelli v Great Atl. & Pac. Tea Co., Inc.*, 70 AD3d 439 [1st Dept 2010] [plaintiff's testimony that the floor on which he slipped was wet and slippery was sufficient to raise a triable issue as to liability]).

The dissent's contention that there was insufficient evidence to support the inference that the worn out area was visible or apparent by reasonable inspection cannot withstand scrutiny.* A "worn out" section by definition occurs over the passage of time. As the trial court noted "the very description of a worn out area pre-supposes a slow process, and can support a jury inference that the defect should have been discovered." The

---

* The cases upon which the dissent relies are distinguishable. *Soto v New Frontiers 2 Hope Hous. Dev. Fund Co., Inc.* (118 AD3d 471 [1st Dept 2014]) involved a mailbox receptacle unit which fell from the wall after being closed wherein the defect was not visible or apparent and a reasonable inspection would not have revealed that the box was loose (*compare Williamson v Ogden Cap Props., LLC*, 124 AD3d 537 [1st Dept 2015] [the defendants failed to show that cursory inspection of mailbox panel would not have disclosed loose condition of mailbox panel]). *Singh v United Cerebral Palsy of N.Y. City, Inc.* (72 AD3d 272 [1st Dept 2010]), involved a defect in the motor sensor of an automatic door that was not visible or apparent and would not have been uncovered by a routine inspection.

jury having reasonably credited plaintiff's direct observations and testimony over that of the defense witnesses, it is not for us to second-guess the verdict.

The amounts awarded by the jury for past and future pain and suffering, $300,000 and $270,000, respectively, do not deviate materially from what would be reasonable compensation under the circumstances (*see e.g. Vertsberger v City of New York*, 34 AD3d 453 [2d Dept 2006] [$1.4 million combined award appropriate for a plaintiff with shattered left elbow]; *Roshwalb v Regency Mar. Corp.*, 182 AD2d 401 [1st Dept 1992] [$750,000 combined award appropriate for a 63-year-old plaintiff who suffered a comminuted fracture of the elbow], *lv denied* 80 NY2d 756 [1992]; *Capuccio v City of New York*, 174 AD2d 543 [1st Dept 1991] [combined award of $997,690 not excessive for a 53-year-old plaintiff who suffered a fractured humerus and had limited mobility in the right shoulder as the result of a fall], *lv denied* 79 NY2d 751 [1991]). We accordingly reinstate those awards (*see* CPLR 5501 [c]).

While plaintiff's counsel's challenged summation remarks were inflammatory and not an appropriate response to defense counsel's summation remarks, which were soundly based upon references to the record, the limited number of inflammatory remarks, along with the court's curative instructions, do not support a conclusion that defendant was denied a fair trial (*see generally Newark v Pimentel*, 117 AD3d 581 [1st Dept 2014]; *Smith v Au*, 8 AD3d 1 [1st Dept 2004]). Concur—Richter, Manzanet-Daniels and Feinman, JJ.

Friedman, J.P., and Saxe, J., dissent in a memorandum by Saxe, J., as follows: Plaintiff claimed that, while playing with her grandson at a picnic in defendant's courtyard playground, she tripped and fell when her foot was caught in a "worn out" spot in the rubber matting covering the playground. The jury found defendant liable, and the trial court denied defendant's motion to set aside the verdict on the grounds, among others, that the evidence of constructive notice of the condition was insufficient and the verdict was against the weight of the evidence. The majority now affirms.

I would reverse. To impose liability on the defendant, there must be evidence that a defective condition existed and that the defendant either created the condition or had actual or constructive notice of it (*see Smith v Costco Wholesale Corp.*, 50 AD3d 499 [1st Dept 2008]). Plaintiff failed to adduce evidence showing that the claimed defect in the matting existed for a sufficient length of time and in a noticeable condition such as would allow defendant to discover and remedy it (*see Gordon v*

*American Museum of Natural History*, 67 NY2d 836, 837 [1986]).

There was no testimony that anyone had observed the claimed defect prior to the alleged accident, and the testimony of defendant's employee that the matting was inspected each day was irrelevant because there was no evidence that the claimed worn area was visible or apparent by reasonable inspection (*see Soto v New Frontiers 2 Hope Hous. Dev. Fund Co., Inc.*, 118 AD3d 471 [1st Dept 2014]; *Singh v United Cerebral Palsy of N.Y. City, Inc.*, 72 AD3d 272, 276 [1st Dept 2010]).

Notably, plaintiff failed to introduce either photographs of the alleged defect (*see Taylor v New York City Tr. Auth.*, 48 NY2d 903, 904 [1979] [verdict finding constructive notice of defect supported by photograph which depicted irregularity, width, depth and appearance of defect in concrete surface]), or expert testimony to show that it had been in existence for a sufficient length of time (*see Tese-Milner v 30 E. 85th St. Co.*, 60 AD3d 458 [1st Dept 2009] [expert opinion]; *Alexander v New York City Tr.*, 34 AD3d 312, 313-314 [1st Dept 2006] [expert opinion and photograph]). While it may be possible for the testimony of a plaintiff to be sufficient by itself to establish constructive notice, here, plaintiff's testimony failed to make such a showing. Plaintiff failed to provide the dimensions of the alleged defect and never stated that she saw it either before or after the incident, rendering her testimony that the matting was "wasted" or "worn" merely conclusory and insufficient proof of constructive notice (*see Joseph v New York City Tr. Auth.*, 66 AD3d 842, 843 [2d Dept 2009]).

In view of the lack of evidence that defendant had either actual or constructive notice of the claimed defective condition in the matting, I would set aside the verdict as based on insufficient evidence, and dismiss the complaint.