Freeman v Shtogaj (2019 NY Slip Op 05502)





Freeman v Shtogaj


2019 NY Slip Op 05502


Decided on July 9, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 9, 2019

Sweeny, J.P., Manzanet-Daniels, Webber, Gesmer, Kern, JJ.


9848 307933/11 300358/11 9847 9846

[*1]Frances Freeman, Plaintiff-Respondent,
v
Angjelin Shtogaj, et al., Defendants-Appellants, Kwame Opoku, Defendant.
Regina Amponsah, et al., Plaintiffs-Respondents,
v
Angjelin Shtogaj, et al., Defendants-Appellants, Kwame Opoku, Defendant.


Picciano & Scahill, P.C., Bethpage (Keri A. Wehrheim of counsel), for appellants.
Law Office of Aguwa & Metu, P.C., Jamaica (Chijioke Metu of counsel), for Frances Freeman, respondent.
Heriberto Cabrera & Associates, Brooklyn (Heriberto Cabrera of counsel), for Regina Amponsah and Manuel Amponsah, respondents.



Judgment, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered April 14, 2017, in favor of plaintiff Frances Freeman against defendants Angjelin Shtogaj and Arien N. Shtogaj, following a jury trial on damages only, unanimously reversed, on the law, without costs, and the matter remanded for a new trial on damages. Judgment, same court and Justice, entered June 19, 2017, in favor of plaintiff Regina Amponsah and against defendants Angjelin Shtogaj and Arien N. Shtogaj, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered on or about April 14, 2017, unanimously dismissed, without costs, as subsumed in the appeals from the judgments.
Defendants Angjelin Shtogaj and Arien N. Shtogaj were found to be solely responsible for the motor vehicle accident from which this action arises; the judgments on appeal were entered upon jury verdicts following a trial of damages only.
Defendants are entitled to a new trial of damages in Freeman's case, because the trial court erred in denying their request for a continuance to permit their expert orthopedist to testify about his examination of Freeman (see generally Guzman v 4030 Bronx Blvd. Assoc. L.L.C., 54 AD3d 42, 52 [1st Dept 2008]). The orthopedist's testimony was likely to be material. Although defendants were able to elicit testimony from their expert radiologist to rebut Freeman's expert's testimony at trial, the orthopedist had a different specialty, would have testified based on a physical examination of Freeman rather than an examination of her MRI films, and would have [*2]testified that no future treatment was necessary - an opinion that the radiologist did not offer and that is directly relevant to damages. The need for a continuance did not result from a failure to exercise due diligence on defendants' part. The orthopedist became unavailable because of a death in his family - a circumstance that defendants had no way of predicting or avoiding. Moreover, the resulting brief delay would not have affected the orthopedist's ability to testify at trial if not for the constricted timeline due to the court's vacation schedule.
The court properly denied defendants' request for a continuance to permit their expert radiologist to testify about her interpretation of Amponsah's MRI films, because the need for a continuance resulted from defendants' failure to exercise due diligence. Defendants admittedly knew before the trial began that the radiologist would not be available until after the court left for vacation, yet failed to timely raise this issue.
The court properly admitted into evidence the medical records of plaintiffs' treating physician, notwithstanding that these records contained reports from other doctors, based on the treating physician's testimony that they were created in the ordinary course of business for the purposes of diagnosis and treatment (see Williams v Alexander, 309 NY 283, 287 [1955]; Freeman v Kirkland, 184 AD2d 331, 332 [1st Dept 1992]).
Plaintiffs' treating physician properly relied on these records in offering his opinions at trial. Unlike the situation in the cases relied upon by defendants, the underlying MRI films were properly entered into evidence (see Kovacev v Ferreira Bros. Contr., Inc., 9 AD3d 253, 253 [1st Dept 2004]), and the other doctors' reports did not "form[] the principal basis" for plaintiffs' expert's opinion on the "crucial issues of the existence and severity of plaintiff's injuries" (see Sigue v Chemical Bank, 284 AD2d 246, 247 [1st Dept 2001]; Borden v Brady, 92 AD2d 983, 984 [3d Dept 1983]; see also Ferrantello v St. Charles Hosp. & Rehabilitation Ctr., 275 AD2d 387 [2d Dept 2000]).
Plaintiffs established that their injuries were caused by the subject accident through their own testimony, as well as the testimony of their expert witness. Although defendants' expert offered conflicting testimony with respect to the cause of Freeman's injuries, the jury was entitled not to credit this testimony (see Yuen v Arka Memory Cab Corp., 80 AD3d 481, 482 [1st Dept 2011]).
Contrary to defendants' contention, plaintiffs' future
medical expenses [FN1] were not too speculative to be compensable (see generally Trezza v Metropolitan Transp. Auth., 113 AD3d 402, 404 [1st Dept 2014], appeal dismissed 23 NY3d 1011 [2014]; Pilgrim v Wilson Flat, Inc., 110 AD3d 973, 974 [2d Dept 2013]). Plaintiffs' expert testified that plaintiffs would likely need surgery, physical therapy, and pain medication in the future, and estimated the costs of those treatments. Although the amounts of the jury awards were inconsistent with these estimated costs, the trial court corrected this issue by reducing the awards. Moreover, although plaintiffs expressed some reluctance to have surgery and admitted that they had declined surgery in the past, they also testified that they were open to having surgery in the future. The jury could reasonably have credited this testimony.
We reject defendants' arguments about verdict inconsistency in Freeman's case and juror confusion and the missing witness charge in Amponsah's case.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 9, 2019
CLERK



Footnotes

Footnote 1: If the orthopedist's testimony at Freeman's new trial results in an award for future medical expenses that differs from the award on appeal, then our ruling on this issue will be inapplicable as to Freeman.