| |
|---|
| **Bacote v City of New York** |
| 2024 NY Slip Op 32168(U) |
| June 30, 2024 |
| Supreme Court, Kings County |
| Docket Number: Index No.: 510559/2021 |
| Judge: Gina Abadi |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Term, City Part 7 of the
Supreme Court of the State of New
York, held in and for the County of
Kings, at the Courthouse thereof at
360 Adams St., Brooklyn, New York.
on the 24th day of June, 2024.

PRESENT:

HON. GINA ABADI,
J.S.C.

---

KENNETH BACOTE,

                          Plaintiff,

        -against-

THE CITY OF NEW YORK,
POLICE SERGEANT JASON
REISGERZOG - Shield No 4576,
POLICE OFFICER DANIEL M.
MOUSSANNEF - Shield No. 14212, and
JOHN DOES - Police Officers As Yet Unidentified,

                    Defendants.

Index No.: 510559/2021
Motion Seq: 3

DECISION AND ORDER

---

Recitation, as required by CPLR § 2219(a), of the papers considered in the review of this motion:

| Papers | NYSCEF Numbered |
|---|---|
| Notice of Motion/Cross Motion/Order to Show Cause and Affidavits (Affirmations) Annexed | 31 – 60 |
| Opposing Affidavits (Affirmations) | 61 – 67 |
| Reply Affidavits (Affirmations) | 68 – 69 |
| Other | |

Upon the foregoing cited papers and after oral argument in this action brought by

Kenneth Bacote (plaintiff) against the City of New York (City), Police Sergeant Jason

Reisgerzog (Sergeant Reisgerzog), and Police Officer Daniel M. Moussannef (PO

Moussannef), the Decision and Order on their motion for an order, pursuant to

CPLR §§ 3212(b) and 3211(a)(7), dismissing the complaint as against them is, as follows:

[* 1]

## Background

In the evening of Tuesday, June 2, 2020, plaintiff, age 53, was sitting on a public bench in the Kingsborough Houses where he resided when he was permanently blinded in his left eye by a taser dart which Sergeant Reisgerzog deployed in the "cartridge" (or the two-dart) mode[1] to restrain him for a warrantless arrest (the incident).[2] The following day, plaintiff was charged with menacing (two counts), disorderly conduct (three counts), obstructing governmental administration, and resisting arrest.[3] He was later arraigned on charges of disorderly conduct (three counts), resisting arrest, harassment, obstruction of governmental administration, and Administrative-Code violation. Thereafter, all arraignment charges against him were dismissed and sealed.[4]

Subsequently, plaintiff commenced the instant action against the City, Sergeant Reisgerzog, and PO Moussannef (collectively, defendants) to recover damages for assault/battery, negligent hiring/retention, false arrest, false imprisonment, intentional and

---

[1] According to the NYPD's 2020 Use of Force Report (at page 35):

"[Tasers] use replaceable cartridges containing compressed nitrogen to propel two small probes that are attached to the handheld unit by insulated conductive wires. The wires transmit short[,] controlled pulses of electricity in five-second cycles that stimulate the skeletal muscles of the human body. These short electrical pulses affect the sensory and motor functions of the peripheral nervous system causing temporary incapacitation by preventing coordinated muscular action, without affecting vital organs. Once the five-second cycle is complete, an immediate recovery occurs. [Tasers] collect and store data regarding each use for post-incident review."

https://www.nyc.gov/assets/nypd/downloads/pdf/use-of-force/use-of-force-2020-issued-2021-12.pdf (last accessed June 10, 2024). *See Kingsbrook Jewish Med. Ctr. v Allstate Ins. Co.*, 61 AD3d 13, 20 (2d Dept 2009) ("material derived from official government websites may be the subject of judicial notice").

[2] Sergeant Reisgerzog deployed his NYPD-issued taser twice in the interval of 17 seconds. Taser's Offline Report, dated June 4, 2020 (NYSCEF Doc No. 51).

[3] PO Moussannef prepared the precinct complaint at the direction of Sergeant Reisgerzog. *See* NYPD Omniform System – Complaints, No. 2020-077-002955 (part of NYSCEF Doc No. 54).

[4] Certificate of Disposition (NYSCEF Doc No. 55).

[* 2]

negligent infliction of emotional distress, malicious prosecution, civil-rights violations, and punitive damages (the first through eighth causes of action, respectively). After completion of discovery, defendants timely served the instant motion. Before the hearing on defendants' motion, plaintiff withdrew (or consented not to contest, as applicable): (1) all causes of action as against PO Moussannef who was not present at the time and place of the incident; and (2) the causes of action (or portions thereof) as against the City and Sergeant Reisgerzog sounding in negligent hiring/retention, intentional (but not negligent) infliction of emotional distress, malicious prosecution, civil-rights violations, and punitive damages (the latter as against the City only) (the second, fifth, sixth, seventh, and eighth causes of action, respectively).[5]

On May 8, 2024, the Court heard oral argument and reserved decision on the extant portions of defendants' motion which is for dismissal of plaintiff's causes of action sounding in: (1) false arrest/imprisonment; (2) assault/battery; (3) negligent infliction of emotional distress; and (4) punitive damages (the latter as directed against Sergeant Reisgerzog only) (third/fourth, first, fifth, and eighth causes of action, respectively).[6]

## Standard of Review

"Summary judgment is designed to expedite all civil cases by eliminating from the Trial Calendar claims which can properly be resolved as a matter of law." *Andre v*

---

[5] Plaintiff's counsel's affirmation in opposition, dated March 6, 2024 (NYSCEF Doc No. 61), ¶¶ 8, 47.

[6] To facilitate the flow of narrative, the Court rearranged plaintiff's extant causes of action. The facts underlying this action are recounted at length in the parties' papers (as supplemented by the body-camera camera footage at NYSCEF Doc Nos. 52-53 and 67), familiarity with which is assumed, and will not be repeated here.

[* 3]

*Pomeroy*, 35 NY2d 361, 364 (1974). "Since it deprives the litigant of his [or her] day in court[,] it is considered a drastic remedy which should only be employed when there is no doubt as to the absence of triable issues." *Id.* "This drastic remedy should not be granted where there is any doubt as to the existence of such issues, or where the issue is arguable; issue-finding, rather than issue-determination, is the key to the procedure." *Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395, 404 (1957) (internal quotation marks and citations omitted), *rearg denied* 3 NY2d 941 (1957).

The movant's "burden is a heavy one and on a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party." *William J. Jenack Estate Appraisers & Auctioneers, Inc. v Rabizadeh*, 22 NY3d 470, 475 (2013) (internal citation and quotation marks omitted). "A motion for summary judgment should not be granted where the facts are in dispute, where conflicting inferences may be drawn from the evidence, or where there are issues of credibility." *Lopez v Beltre*, 59 AD3d 683, 685 (2d Dept 2009) (internal quotation marks omitted). "Where the moving party fails to meet this burden, summary judgment cannot be granted, and the non-moving party bears no burden to otherwise persuade the court against summary judgment." *Rabizadeh*, 22 NY3d at 475. "Indeed, the moving party's failure to make a prima facie showing of entitlement to summary judgment requires a denial of the motion, regardless of the sufficiency of the opposing papers." *Id.*[7]

---

[7] In the interest of brevity, the recitation of the less stringent standard of review under CPLR § 3211(a)(7) is omitted.

4

[* 4]

## Discussion

### 1. Common-Law False Arrest/Imprisonment

Plaintiff's third and fourth causes of action alleging common-law false arrest and false imprisonment, respectively, are merely two names for the same tort. *See Jackson v Police Dept of City of NY*, 86 AD2d 860, 860-861 (2d Dept 1982). "To establish a cause of action alleging false arrest and false imprisonment, the plaintiff must show that (1) the defendant intended to confine him, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged." *Lee v City of NY*, 272 AD2d 586, 586 (2d Dept 2000). "Where, as [here], an arrest is made without a warrant, a presumption arises that it was unlawful, and the burden of proving that the arrest was otherwise privileged is cast upon the defendant." *Williams v Moore*, 197 AD2d 511, 513 (2d Dept 1993). "In general, the existence or absence of probable cause is a question of fact and becomes a question of law to be decided by the court only where there is no real dispute as to the facts or the proper inferences to be drawn therefrom." *Holland v City of Poughkeepsie*, 90 AD3d 841, 845 (2d Dept 2011) (internal quotation marks omitted).

At this stage of litigation, there are triable issues of fact – based on the police officers' body-worn camera footage taken from different angles,[8] as well as based on the

---

[8] *See* Body-Worn Camera Footage of nonparties PO Officers Viera and Lester. Sergeant Reisgerzog was not wearing a body camera at the time of the incident. Sergeant Reisgerzog's EBT tr at page 57, line 18 to page 58, line 10.

5

parties' conflicting pretrial testimony[9] – as to whether (or not) a reasonable police officer could interpret that, at the time and place of the incident, the unarmed plaintiff:

(1) was menacing any NYPD officers in any way and/or was engaged in any type of disorderly conduct, considering that at (and shortly before) the time of the incident:

    (a) he was sitting alone on a public bench outside his apartment complex;

    (b) he was holding nothing in his hands;

    (c) he had no weapons of any kind on his body or anywhere within his reach, and no weapons of any kind were subsequently found; and

    (d) he was dressed according to the weather; and

(2) was resisting arrest and/or obstructing governmental administration in any way, considering that he failed to promptly obey the officers' command to place his hands behind his back, as soon as one of the taser darts impaled the globe of his left eye.[10]

Whether Sergeant Reisgerzog's (and his NYPD team's) evaluation of probable cause for plaintiff's arrest (and ensuing imprisonment) was objectively reasonable precludes an award of summary judgment in defendants' favor on the ground of qualified immunity. *See Holland*, 90 AD3d at 845-846; *Diederich v Nyack Hosp.*, 49 AD3d 491, 493 (2d Dept 2008), *lv dismissed in part, denied in part* 11 NY3d 862 (2008). Further, the City

---

[9] *See generally* Sergeant Reisgerzog's and nonparty PO Craig McGrath's EBT transcripts (NYSCEF Doc Nos. 44 and 47); Plaintiff's General Municipal Law § 50-e hearing and EBT transcripts (NYSCEF Doc Nos. 37 and 43).

[10] Plaintiff could not describe how the taser shocked him. *See* Plaintiff's GML § 50-h hearing tr at page 33, lines 2-9 ("[I]t's hard to describe what I never felt anything [previously]. It was pain, within my whole head, it was a burn. It's hard to describe."); page 33, line 11 ("I never want to feel it again.") (NYSCEF Doc No. 37); Plaintiff's EBT tr at page 37, lines 19-20 ("I just remember getting the air knocked out of me. . . ."); page 39, lines 17-19 ("I just felt, I do not remember, I couldn't breathe, I got the air knocked out of me."); page 40, line 10 ("It's hard to describe what I felt.") (NYSCEF Doc No. 43).

6

[* 6]

may be held vicariously liable under the state law claim for torts committed by Sergeant Reisgerzog acting (as he admittedly did) within the scope of his employment with NYPD. *See Eckardt v City of White Plains*, 87 AD3d 1049, 1051 (2d Dept 2011). Accordingly, defendants have failed to establish their prima facie entitlement to judgment as a matter of law dismissing plaintiff's third and fourth causes of action for common-law false arrest and false imprisonment, respectively, without regard to the sufficiency of plaintiff's opposition.

## 2. Common-Law Assault/Battery

"To recover damages for [common-law] battery, a plaintiff must prove that there was bodily contact, that the contact was offensive, *i.e.*, wrongful under all of the circumstances, and intent to make the contact without [his or her] consent." *Higgins v Hamilton*, 18 AD3d 436, 436 (2d Dept 2005), *lv denied* 5 NY3d 708 (2005). "A [common-law] . . . assault is an intentional placing of another person in fear of imminent harmful or offensive contact." *Charkhy v Altman*, 252 AD2d 413, 414 (1st Dept 1998) (internal quotation marks omitted). "A claim predicated on [common-law] assault and battery may be based upon contact during an unlawful arrest." *Cayruth v City of Mount Vernon*, 188 AD3d 1139, 1141 (2d Dept 2020). The existence of probable cause for an arrest and ensuing imprisonment does not bar a cause of action sounding in common-law assault and battery based on the excessive use of force in connection with the underlying arrest and imprisonment. *See Tsachalis v City of Mount Vernon*, 293 AD2d 525, 526 (2d Dept 2002).

To prevail on a cause of action for common-law assault and battery committed in the police officer's performance of a public duty, plaintiff must establish that such police officer used excessive force under state law. *See Disla v City of NY*, 117 AD3d 617, 618

7

(1st Dept 2014). In that regard, "[p]olice officers are entitled to qualified immunity on [common-]law claims if their actions are objectively reasonable." *Pleva v County of Suffolk*, 222 AD3d 795, 796 (2d Dept 2023) (internal quotation marks omitted). The determination of whether a use of force under state law was objectively reasonable is an "intensely factual" question "best left for a jury to decide." *Pleva*, 222 AD3d at 797 (internal quotation marks omitted); *see Holland*, 90 AD3d at 845. As noted, a municipality may be vicariously liable on common-law assault and battery claims for torts committed by a police officer while acting within the scope of his/her employment. *See Lepore v Town of Greenburgh*, 120 AD3d 1202, 1204 (2d Dept 2014).

At this stage of litigation, defendants, as part of their prima facie showing, have failed to eliminate triable issues of fact as to whether Sergeant Reisgerzog used excessive force in deploying his taser at the time and place of the incident to subdue and arrest an unarmed, 53-year-old man who was then sitting on a public bench in his housing project. *See Pleva*, 222 AD3d at 797; *Macareno v City of NY*, 187 AD3d 1164, 1167 (2d Dept 2020); *Holland*, 90 AD3d at 844. Further, defendants' aforementioned failure to establish, prima facie, that plaintiff's warrantless arrest was lawful precludes an award of summary judgment on his concurrent claims for common-law assault and battery. *See Cayruth*, 188 AD3d at 1141.[11] Once again, such denial is without regard to the sufficiency of plaintiff's opposition.

---

[11] Defendants' reliance on NYPD Patrol Guide Procedure No. 221-08 ("Use of Conducted Electrical Weapons [CEW]"), effective June 24, 2021, and NYPD Patrol Guide Procedure No. 221-01 ("Force Guidelines"), effective September 20, 2022 (NYSCEF Doc No. 58), is misplaced because both Patrol Guide Procedures went into effect after the date of the incident of June 2, 2020. Defendants' reliance on the Expert
(footnote continued)

8

### 3. Negligent Infliction of Emotional Distress

Plaintiff's claim for emotional distress is subject to dismissal as duplicative of his other claims because such claim alleges no new facts and seeks no distinct damages from his other claims. *See Leonard v Reinhardt*, 20 AD3d 510 (2d Dept 2005); *Harrington v Atta*, 48 Misc 3d 132(A), 2015 NY Slip Op 51054(U), *2 (App Term, 2d Dept, 2d, 11th and 13th Jud Dists 2015); *see also Perez v Violence Intervention Program*, 116 AD3d 601, 602 (1st Dept 2014), *lv denied* 25 NY3d 915 (2015); *Salis v City of NY*, 81 Misc 3d 1209(A), 2023 NY Slip Op 51302(U), *7 (Sup Ct. Kings County 2023, Abadi, J.).

### 4. Punitive Damages

"New York does not recognize an independent cause of action for punitive damages." *Randi A.J. v Long Is. Surgi-Ctr.*, 46 AD3d 74, 80 (2d Dept 2007). Thus, the extant portion of plaintiff's eighth cause of cause for punitive damages as against Sergeant Reisgerzog is subject to dismissal. However, plaintiff's request for punitive damages in the ad damnum clause of his complaint as against Sergeant Reisgerzog is proper and remains unaffected by this Decision and Order. *See Gershman v Ahmad*, 156 AD3d 868, 869 (2d Dept 2017).

---

Affidavit of Retired NYPD Captain John Monaghan, dated December 13, 2023 (NYSCEF Doc No. 49), is unavailing because Captain Monaghan based his opinions on the same post-incident versions of the Patrol Guide Procedures and, in any event, his opinions are not probative because he had retired from NYPD in 2004, or approximately four years before sergeants and other trained individuals were permitted to carry tasers on their equipment duty belts and, more fundamentally, because he fails to avers that he had any training in the deployment of tasers.

The Court has considered the parties' remaining contentions and found them either academic or without merit in light of its determination. All relief not specifically granted herein is denied.

## Conclusion

Accordingly, it is

**ORDERED** that the branch of defendants' motion which is for an order, pursuant to CPLR § 3212(b), for summary judgment is *granted to the extent* that: (1) all of plaintiff's causes of action against PO Moussannef are dismissed; (2) plaintiff's second cause of action for negligent **hiring and retention**, fifth cause of action for **intentional** and emotional infliction of emotional distress, sixth cause of action for malicious prosecution, seventh cause of action for **civil-rights violations**, and eighth cause of action for punitive damages are each dismissed against the City and Sergeant Reisgerzog; and (3) plaintiff's request for "exemplary" damages in the "Wherefore" clause as against **PO Moussannef** and the City (but not as against Sergeant Reisgerzog) is stricken; and the remainder of this branch of defendants' motion is denied; and it is further

**ORDERED** that the remaining branch of defendants' motion which is for order, pursuant to CPLR § 3211(a)(7), dismissing the complaint for failure to state a claim is *denied as academic*; and it is further

**ORDERED** that for the avoidance of doubt, this action shall proceed as against the City and Sergeant Reisgerzog on plaintiff's first, third, and fourth causes of action which are for common-law assault/battery, false arrest, and false imprisonment, respectively, as

10

[* 10]

pleaded in his complaint, dated April 30, 2021 and as verified by him on May 4, 2021; and it is further

**ORDERED** that the action is severed and continued against the remaining defendants, and the caption is amended to read in its entirety as follows:

---

KENNETH BACOTE,

                           Plaintiff,             Index No.: <u>510559/2021</u>

      -against-

THE CITY OF NEW YORK,
POLICE SERGEANT JASON REISGERZOG -
Shield No 4576, and
JOHN DOES – Police Officers As Yet Unidentified.

                     Defendants.

---

; and it is further

**ORDERED** that plaintiff's counsel is directed to electronically serve a copy of this Decision and Order on the Corporation Counsel and to electronically serve an affidavit of service thereof with the Kings County Clerk; and it is further

**ORDERED** that the parties are reminded of their next scheduled virtual appearance for a pre-trial conference in the City Trial Readiness Part on July 1, 2024 at 10:30 a.m.

The foregoing constitutes the Decision and Order of this Court.

                    E N T E R,

                    _____
                    HON. GINA ABADI
                    J. S. C.

11